# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

# SAVANNAH DIVISION

| | |
|---|---|
| DAVID THOMAS JONES, | ) |
| Petitioner, | ) ) ) |
| v. | ) ) Case No. CV410-039 |
| DANNIE THOMPSON, | ) ) ) |
| Respondent. | ) ) |

## ORDER

A Georgia state court jury convicted David Thomas Jones of malice murder and possession of a firearm by a convicted felon. He unsuccessfully appealed, *Jones v. State*, 285 Ga. 328 (2009), then sought no state habeas relief. Instead, he petitioned this Court for 28 U.S.C. § 2254 federal habeas relief. Doc. 1. The State has responded, docs. 8-9, but Jones now wants an extension of time to reply. Doc. 10 (citing deficient prison library resources, his lack of legal training, etc.). Like so many inmates, however, he fails to specify *how much* time he would like.

The Court **GRANTS** Jones's extension motion. Doc. 10. He must place his reply brief in his prison's mail system by no later than October

29, 2010, and the Court will abstain from ruling on his petition until that time.

Insisting, *inter alia*, that he must present "additional expert testimony" and "ancillary corroborative scientific evidence," doc. 12 at 1, Jones also requests an evidentiary hearing. Doc. 12. This evidence, he maintains "was not adequately developed in Petitioner's state court proceedings. . . ." *Id.* at 1. Of course, Jones overlooks the fact that he bypassed an available state remedy (state habeas). That, in turn, figures into the criteria governing whether a federal court is permitted to conduct an evidentiary hearing. The issue is governed by 28 U.S.C. § 2254(e)(2), which provides:

> (2) If the applicant has failed to develop the factual basis of a claim in State court proceedings, the court shall not hold an evidentiary hearing on the claim unless the applicant shows that--
>
> (A) the claim relies on--
>
> (I) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>
> (ii) a factual predicate that could not have been previously discovered through the exercise of due diligence; and
>
> (B) the facts underlying the claim would be sufficient to establish

by clear and convincing evidence that but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2254(e)(2).

However, "[b]y the terms of its opening clause the statute applies only to prisoners who have 'failed to develop the factual basis of a claim in State court proceedings.' If the prisoner failed to develop the facts, an evidentiary hearing cannot be granted unless the prisoner's case meets the other conditions of § 2254(e)(2)." *Williams v. Taylor*, 529 U.S. 420, 430 (2000). "Generally, a petitioner must, at a minimum, request an evidentiary hearing in state court. *Williams*, 529 U.S. at 437; *see Pursell v. Horn*, 187 F. Supp. 2d 260, 325-26 (W.D. Pa. 2002) (holding petitioner was diligent where he twice requested an evidentiary hearing in state court to pursue his *Brady* claims)." *Zeyon v. Pitkins*, 2010 WL 1135728 at * 7 (E.D. Pa. Mar. 1, 2010). Since Jones did not even *file* a state habeas petition, he cannot make a *Williams* showing here. His request for an evidentiary hearing, then, is **DENIED**. Doc. 12. The Court will exercise its discretion, however, to reconsider this motion after it delves into the merits of Jones's petition. *See Boyd v. Allen*, 592 F.3d 1274,

1304 (11th Cir. 2010) (standards for exercising judicial discretion to grant an evidentiary hearing).

Finally, Jones moves for appointment of counsel. Doc. 11. The Rules Governing § 2254 Cases provide that appointment of counsel is proper if an evidentiary hearing is needed, if certain discovery is required, or "if the interest of justice so requires," provided that petitioner qualifies under 18 U.S.C. § 3006A(g). Rules 6(a), 8(c). Since neither an evidentiary hearing nor discovery are required here, and since Jones has demonstrated his ability to file appropriate pleadings seeking § 2254 relief, his motion to appoint counsel is **DENIED**. Doc. 11.

**SO ORDERED** this 5th day of October, 2010.

/s/␣␣␣␣␣␣␣␣␣␣␣␣␣␣␣␣␣␣␣␣␣␣
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT of GEORGIA

4